**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY GUTIERREZ PINO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1633-J |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Anthony Gutierrez Pino, a Venezuela citizen, is currently in the custody of Immigration and Customs Enforcement. He has filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging the detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within ten days or otherwise release him. (Rep. & Rec.) [Doc. No. 9]. Respondents objected [Doc. No. 11], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

In sum, Judge Mitchell concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 3-5. In their objection, Respondents continue asserting their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A); however, they concede that the Tenth Circuit's decision in *Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls. *See* [Doc. No. 11]. In that case, the circuit court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject

to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.

For the reasons above, the Report and Recommendation [Doc. No. 9] is ADOPTED on de novo review and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 14th day of September, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE